**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEON RONALD HARVEY, JR.,                         *

Petitioner,                                      *

v.                                               *            Civil Action No. GJH-18-3554

DENISE GELSINGER and                             *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,                               *

Respondents.                                     *
                                               ***

## MEMORANDUM OPINION

Respondents filed a Limited Answer to the above-captioned Petition for Writ of Habeas

Corpus asserting that the Petition must be dismissed because the claims are untimely and/or

incognizable. ECF No. 5. The Court granted Petitioner Leon Ronald Harvey, Jr. an opportunity

to file a Response to address the timeliness of the Petition and discuss whether equitable tolling of

the limitations period applies as well as respond to Respondents' assertion that his judicial bias

claim is not a cognizable claim for federal habeas review. ECF No. 6. Petitioner filed a Response

to the Limited Answer. ECF No. 8. No hearing is necessary to resolve the issues presented. *See*

Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local

Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner

not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition

shall be dismissed and a certificate of appealability shall not issue.

### I.    Background

In the Circuit Court of Baltimore County, Harvey was convicted of first-degree burglary

by jury on August 22, 2014. ECF No. 5-1 at 4. He was sentenced to 15 years of incarceration on

August 26, 2014. *Id.* Harvey filed an appeal to the Court of Special Appeals challenging the legal

sufficiency of the evidence; his conviction was affirmed on August 18, 2015, and a mandate was issued on September 21, 2015. ECF No. 5-1 at 8; *Harvey v. State*, No. 14-1614, 2015 WL 6089892 (Md. Ct. Spec. App., Aug. 18, 2015). Harvey did not seek review by the Court of Appeals of Maryland at that time.

Harvey filed a petition for post-conviction relief on April 12, 2016. ECF No. 5-1 at 8. His petition was denied on August 1, 2017. *Id.* Harvey then filed an application for leave to appeal on August 14, 2017. *Id.* at 9. The Court of Special Appeals summarily denied the application on December 20, 2017; a mandate issued on January 19, 2018. *Id.*

Harvey later filed a petition for writ of certiorari with the Court of Appeals of Maryland challenging denial of his application on August 20, 2018. ECF No. 5 at 6.[1] This Petition was dismissed on October 26, 2018. *Harvey v. State*, 461 Md. 493 (Oct. 26, 2018) (table), *available in*, Md. Advance Reports (Nov. 30, 2018).

Harvey filed his federal habeas petition on November 10, 2018, the date he signed the Petition. ECF No. 1 at 6. Harvey raises two grounds for relief: (1) there was a "failure to allow defendant to waive his right to jury trial," and (2) there was a conflict of interest because the Circuit Court "specially assigned the mother (judge) to hear [his] post conviction after learning of a lawsuit filed against her daughter [by petitioner] for false information…" *Id.* at 5.

## II.   Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

[1] Page numbers for documents filed with this Court reference the pagination assigned by the Court's electronic docketing system and may not match the page numbers provided by counsel in the pleadings filed.

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330.

III.    **Discussion**

   a.  **Statutory Tolling**

As noted, Harvey appealed his conviction to the Court of Special Appeals, which affirmed the Circuit Court for Baltimore County's judgment on August 18, 2015.  A mandate was issued

on September 21, 2015, and thereafter Harvey had 15 days in which to file a certiorari petition with the Court of Appeals of Maryland to appeal that decision. Md. Rule 8-302(a) (requiring a certiorari petition to be filed no later than 15 days after the Court of Special Appeals issues its mandate). Harvey did not file a certiorari petition until August 20, 2018, almost three years later. Therefore, his judgment became final on October 6, 2015, when the 15-day period closed. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining that when a defendant chooses not to seek direct review at all available levels, the "judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires") (quoting 28 U.S.C. § 2244(d)(1)(A)).

Harvey initiated state post-conviction proceedings under Maryland's Uniform Postconviction Procedure Act ("UPPA") on April 12, 2016, 189 days after his judgment became final. *See generally* Md. Code Ann., Crim. Proc. § 7-101 thru § 7-301 (LexisNexis 2021). This tolled the one-year statute of limitations period pursuant to 28 U.S.C. § 2244(d)(2). Harvey's time remained tolled until January 19, 2018, when the Court of Special Appeals issued its mandate following summary denial of Harvey's application for leave to appeal denial of his UPPA petition. At that time, 177 days of the one-year timeline remained. On November 10, 2018, Harvey filed his Petition in this Court, 118 days after the one-year statute of limitations period had expired. None of the other exceptions listed in § 2244(d)(1) apply to Harvey's Petition. Thus, absent a basis for equitable tolling, the petition is subject to dismissal.

### b. Equitable Tolling

Harvey asserts that the one-year statute of limitations does not apply "when there is a [sic] unlawful and unconstitutional confinement of a human['s] freedom and rights in violation of the

United State of America and the state of Maryland's declaration of rights." ECF No. 8 at 1. He provides no explanation as to what, if anything, caused his delay in filing his Petition.

Equitable tolling is only available in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris*, 209 F.3d at 330); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Hill*, 277 F.3d at 704. Thus, a petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). Harvey's assertion that the statute of limitations does not apply in this case is unfounded. His Petition states that he "counted from the date [his] leave to appeal was denied on 11/17/17," and concluded he had to file before November 17, 2018. Although Harvey misunderstands the statutory tolling requirements, his lack of knowledge regarding the law is unavailing as well. As observed by the *Harris* court:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez–Machain v. United States,* 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330 (4th Cir. 2000) (finding lawyer's mistaken reading of § 2244(d)(1) inadequate to support equitable tolling).   While Harvey's lack of knowledge may have made it difficult for him to comply with the limitations period, equitable tolling is reserved for instances where the State has created extraordinary circumstances that make it impossible for the petitioner to comply with the filing deadline.  *See Miller v. N.J. State Dep't of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998) (tolling is appropriate when petitioner has "in some extraordinary way...been prevented from asserting his or her rights").   Notably, Harvey provides no facts suggesting he diligently pursued his claims during the limitations period or in the four motions following its expiration.  Harvey's conclusory assertion that the limitations period does not apply in this case is insufficient to support a finding that his is entitled to equitable tolling.  Accordingly, the Petition shall be dismissed as untimely.[2]

### IV.     Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Harvey may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

---

[2] Because the Petition must be dismissed as untimely, the Court will not address Respondent's argument regarding whether one of Petitioner's claims is cognizable.

A separate Order follows.

_5/6/2021_
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE